UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY LEE HALL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C22-1639RSM<br><br>ORDER GRANTING MOTION TO DISMISS |

Petitioner Randy Lee Hall filed a § 2255 Motion in July of 2021. *See* Case No. C21-992-RSM, Dkt. #1. On January 27, 2023, this Court denied this first § 2255 motion. Case No. C21-992-RSM, Dkt. #6. Mr. Hall has now filed a second § 2255 Motion, Dkt. #1. Hall styled the Motion as one seeking compassionate release under 18 U.S.C. § 3582(c). However, this Court has interpreted it as a motion under § 2255 as Hall is seeking to vacate his sentence because one of his prior convictions has been vacated under *State v. Blake*, 481 P.3d 521 (2021). *See* Dkts. #1 and #4.

This matter comes before the Court on the United States of America's Motion to Dismiss for Lack of Jurisdiction, Dkt. #6. Petitioner Hall has not filed an opposition brief or otherwise communicated with the Court.

A defendant who seeks to file "a second or successive motion" under 28 U.S.C. § 2255 must first obtain permission from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). This is a jurisdictional prerequisite. If a second or successive § 2255 motion is filed

ORDER GRANTING MOTION TO DISMISS - 1

without the required certification from the appellate court, the district court lacks jurisdiction to consider the motion. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007).

"The phrase 'second or successive' is . . . a 'term of art'" in the habeas context and does not include every second-in-time request for habeas relief. *Magwood v. Patterson*, 130 S. Ct. 2788, 2790 (2010). For habeas purposes, "a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). The Ninth Circuit has stated that "prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded." *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011).

The Government argues that the instant petition is based on events that occurred while Mr. Hall's first petition was pending and that he had eleven months to amend his original petition to include the events and arguments at issue now. Dkt. #6 at 5. The Court agrees. Mr. Hall offers no evidence or argument to the contrary. Where, as in this case, a new claim ripens while the first § 2255 motion is pending, the petitioner should move to amend the pending claim to add the new claim. *See Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016); *Woods v. Carey*, 525 F.3d 886, 888–89 (9th Cir. 2008).

Accordingly, the instant Motion is a "second or successive motion" within the meaning of 28 U.S.C. § 2255(h) and Mr. Hall is required to obtain permission from the Ninth Circuit prior to filing. The Court lacks jurisdiction and this case is properly dismissed on that basis. This Motion will be referred to the Ninth Circuit Court of Appeals pursuant to Ninth Circuit Rule 22-3(a).

ORDER GRANTING MOTION TO DISMISS - 2

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law and facts above are clear and there is no basis to issue a COA.

## I.    CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. The Government's Motion to Dismiss (Dkt. #6) is GRANTED. No COA shall be issued.
2. This Motion is REFERRED to the Ninth Circuit Court of Appeals pursuant to Circuit Rule 22-3(a).
3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 26th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 3